The PRESIDENT
delivered the opinion of the court.
By the law, as it formerly stood, the sheriff was often perplexed to decide, in what cases, he ought to require appearance bail. To remedy this, the act of 1777 describes the actions, in which it should, or should not be required, and as a direction to the sheriff, the plaintiff, on pain of having his suit dismissed with costs, is to endorse on the writ, the true species of action. Trover is one of those actions, in which appearance bail is not required.
It is contended, 1st, That the court could not dismiss the suit, (if in other respects it were proper,) upon inspection of the writ, without a plea in abatement.
This objection cannot be sustained. — If The motion had been made in proper time, the court, might have directed a dismis *455 sion, upon inspection of the writ.
*2dly, That the motion was made, at an improper stage of the cause.—
As to the defendant himself, the motion was certainly made too late. He might have made it, during the term next after the judgment was confirmed in the office, but not after; and even if he had not been precluded by this omission, he would have been so, by his appearance afterwards in the District Court, without then making the objection.
As to the sheriff, he was not bound to take bail, and therefore, there was no pre-tence for entering judgment against him, either for want of a bail bond returned, or for insufficient bail. Of this judgment, it does not appear he had any notice; he might conclude the contrary, by hearing of the defendant’s appearance, and that the contest was going on between the parties.
This being disclosed, before executing the writ of enquiry, the court, ought to have set aside the judgment against the sheriff — 'they might also have set it aside as to the defendant if moved for, without bail, on his pleading to issue.
The judgment must be reversed with costs, and the suit remanded; with directions to the District Court, to set aside the judgment as to the sheriff, and to proceed to execute the writ of enquiry against the defendant, unless he shall move to set aside the office judgment which he is to be allowed to do upon pleading to issue, and proceeding to trial immediately, without delay to the plaintiffs on that account.